CHARLES PECKHAM v. SCHOOL DISTRICT No. 7, NORTH PROVIDENCE.

In debt against a school district, on an award of appraisers of the value of a lot taken for a school house, under Ch. 66, as amended by Ch. 323, of the Revised Statutes, it appearing, that at the meeting of the district clerk and of the plaintiff, upon notice, before the appraisers, for hearing upon the matter of the valuation of the lot, the plaintiff, when going with the appraisers upon the land, with coarse and violent language forbade the clerk to accompany them, who thereupon remained behind, and the plaintiff, in the absence of the clerk, was heard by the appraisers, it was held, that the award thus made by the appraisers was void, and could confer no right of action in favor of the plaintiff against the district.

DEBT against a school district, on an award of appraisers of the value of a lot, formerly belonging to the plaintiff, which had been taken by the school committee of the town, to add to the school lot in the district; the proceedings having taken place under Ch. 66, and Ch. 323, in amendment of the same, of the Revised Statutes.

A jury trial having been waived, the case was tried by the court, under the general issue. It appeared, that the appraisers, having notified the plaintiff, and, as they went to the place of meeting, called upon the clerk of the district to accompany them; the parties met the appraisers in the district school house, on the 26th day of March, 1863. The appraisers told the plaintiff and the district clerk, that they would go out upon the land to be appraised, and confer with them on the subject of its value. The plaintiff went out with the appraisers, but as the district clerk was about to go with them, the plaintiff, using opprobrious language concerning men from the clerk's quarter of the town, said,

that he would not have such a man on his ground; whereupon, the clerk remained behind, and the appraisers went upon the ground, and there heard the plaintiff alone, in the absence of the clerk. The appraisers then made a report to the school committee of the town, appraising the plaintiff' land at $500, which report was sent to school district No. 7, and was read at a district meeting, and the bill of the appraisers, which accompanied it, ordered to be paid. The appraisers learning that the district claimed that it had not been heard, recalled the papers from the school committee of the town, and held another meeting for the appraisal at the school house, at which many of the district attended; but it did not appear that notice was given to the clerk or to the plaintiff, or that any one appeared on his behalf. At this second meeting, the appraisers reconsidered their award, and reduced it to $333. This action was brought upon the first award, to recover the sum of $500.

S. W. Peckham, for the plaintiff.

Thurston, for the defendant.

BRAYTON, J. This action is brought to recover the value of a lot of land taken for the purpose of maintaining a school house thereon, in school district No. 7, in North Providence. It is brought upon an award of referees, appointed by the school committee of that town, to decide upon the valuation of said land. It was heard by the court without the intervention of a jury, when it appeared, from the evidence submitted, that the referees were regularly appointed by the school committee, and thereupon authorized and required to notify the parties, and decide upon the valuation. They proceeded in the discharge of their duties under this appointment, notified the plaintiff, and with him proceeded toward the place appointed for the hearing. On their way there, having given no previous notice to the district, as they were passing the residence of the clerk of the school district, one of the referees, as testified by another of them, called to the clerk and asked him to come along, intimating to him the purpose of their going. They all then proceeded to the district school house, which was upon the lot adjoining that which was to be appraised; and the plaintiff and the clerk were there heard in part. The plaintiff desired the referees to go upon the land, the value of

which they were to decide upon, and they did so, accompanied by the plaintiff, whom they there further heard. The clerk would have gone with them ; but the plaintiff forbade his going; was violent in manner,—denouncing not merely the clerk, but many of the inhabitants of the district as scoundrels, and using coarse and profane and abusive language towards the clerk,—declared that he would not have such a man upon his ground. The clerk was thereby deterred from going upon the land, so as to be before the referees, and heard by them ; and, as the referees testified, he was not heard, and that, because, as they understood, he was prohibited by the plaintiff from coming to them. The referees, notwithstanding, did decide upon the valuation, and made their report to a district meeting held on the 30th day of April, 1863. At the same meeting, a bill rendered by the referees for their services was audited and allowed.

One objection to the validity of this award, made by the defendants, is, that in consequence of the conduct of the plaintiff, they could not be, and were not, fully heard by the referees ; and we think this objection fatal to the award. It was the right of the defendants to be present at all times during the hearing, that they might know and hear whatever was offered to the referees, either by way of evidence or argument, by the plaintiff; that they might know what was necessary to be answered by proof or by argument, and, especially, that they might see that no improper communication was made, or illegal evidence offered to the referees. This privilege they did not have. The clerk was not heard ; the plaintiff was, and that, in the absence of the defendant. It was not the fault of the referees. But so much cannot be said of the plaintiff. His conduct was inexcusable ; and he can have no right to complain that his conduct had the effect which he apparently intended, in deterring the clerk from being present, or being heard ; and still less can he justly complain, that having succeeded in that purpose, the award which he has obtained should be held void, as we are of opinion it ought to be.

Judgment must be for the defendant.